**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**FRANCIS EUGENE REED**                                    **CIVIL ACTION**

**VERSUS**                                                  **No. 13-543**

**BURL CAIN, WARDEN**                                       **SECTION "B"(4)**

<u>ORDER AND REASONS</u>

Before the Court is Francis Eugene Reed, Jr.'s petition pursuant to 28 U.S.C. § 2254 for writ of habeas corpus. (Rec. Doc. No. 1). The State opposes the petition. (Rec. Doc. No. 12). Reed filed a traversal to the State's answer and the petition was referred to Magistrate Judge Shushan, (Rec. Doc. No. 3) who issued a Magistrate's Report and Recommendation on June 2, 2014, recommending that the petition be denied and dismissed with prejudice. (Rec. Doc. No. 17). Reed timely filed objections to the Magistrate's Report and Recommendation on June 10, 2014. (Rec. Doc. No. 18).

For the reasons articulated below, **IT IS ORDERED** that the Magistrate's Report and Recommendation is **ADOPTED**, and the petition for issuance of a writ of habeas corpus is **DENIED and DISMISSED WITH PREJUDICE**.[1]

<u>Factual and Procedural Background</u>:

---

[1] We are grateful for the work on this case by Lauren Michel, a Tulane Law School extern with our Chambers.

1

This petition arises out of the incarceration of Francis Eugene Reed, Jr. at the Louisiana State Penitentiary in Angola, Louisiana. (Rec. Doc. No. 1). The Magistrate's Report and Recommendation reflects that Reed was convicted of two counts of aggravated rape under Louisiana law, and was sentenced to two concurrent terms of life imprisonment without the benefit of probation, parole, or suspension of sentence.[2] The Louisiana First Circuit Court of Appeal affirmed the conviction and amended the sentence to be served at hard labor.[3] Reed did not seek review of the judgment by the Louisiana Supreme Court.[4]

Reed next filed an application for post-conviction relief in state district court, which was denied.[5] He then filed writ applications to the Louisiana First Circuit Court of Appeal and the Louisiana Supreme Court which were subsequently dismissed.[6] Reed, through counsel, filed the instant habeas corpus application claiming that he received ineffective assistance of counsel both at the trial and appellate levels. (Rec. Doc. No. 1).

---

[2] Rec. Doc. No. 17. (citing State Rec., Vol. IV of VI, trial transcript, pp. 935-36; State Rec., Vol. I of VI, minute entry dated September 11, 2009; State Rec., Vol. I of VI, jury verdict form; State Rec., Vol. IV of VI, transcript of October 8, 2009; State Rec., Vol. I of VI, minute entry dated October 8, 2009.)
[3] Rec. Doc. No. 17 (citing *State v. Reed*, No. 2010 KA 0571, 2010 WL 4272897 (La. App. 1st Cir. Oct. 29, 2010); State Rec., Vol. V of VI.
[4] Rec. Doc. No. 17 (citing Rec. Doc. 1-1, p. 4.)
[5] *Id.*
[6] *State v. Reed*, No. 2012-KP-1944 (9/11/2009) 110 So. 3d 132; State Rec., Vol. V of VI.

Reed alleges various claims of ineffective assistance of counsel pertaining to his conviction for raping and sexually abusing his two young stepdaughters (hereinafter K.P.1. and K.P.2.) when they lived in Covington, Louisiana. The initial investigation in the matter was launched after K.P.2. disclosed alleged abuse to a friend. (Rec. Doc. No. 17). In the course of the investigation, both girls were interviewed several times by various individuals, including Luanne Mayfield of St. Tammany Parish Office of Community Services (OCS), Detective Rachel Smith of the St. Tammany Parish Sheriff's Office, and Dr. Monica Weiner of Children's Hospital. *Id.* Though at times K.P.1. and K.P.2. recanted their stories, the information and detailed descriptions of the abuse that K.P.1. and K.P.2. provided in various interviews was consistent with the testimony they provided at trial. *Id.*

Prior to trial, Dr. Monica Weiner examined K.P.1. and K.P.2. for physical evidence of abuse approximately one month after the initial allegations. *Id.* The results of the examinations were normal and showed no signs of abuse. *Id.* Dr. Weiner was not available to testify at trial. *Id.* Dr. Adriana Jamis testified on behalf of Dr. Weiner that, given the time between the abuse and the examinations, a normal result was expected. *Id.* Defense counsel voiced no objection to Dr. Jamis's testimony (in lieu of Dr. Weiner).

The Petitioner disputes the veracity of the contentions of K.P.1 and K.P.2.'s trial testimony (Rec. Doc. No. 18). Petitioner argues that there were inconsistencies, including that K.P.2. had accused her stepbrother of abuse and K.P.1. had lied about one incident of abuse that would have impeached the testimony of the victims if it had been entered into evidence at trial. *Id.* Petitioner's trial attorney stipulated to the fact that the above mentioned interviews, particularly taped interviews at the Children's Advocacy Center (CAC), were consistent with the testimony that K.P.1. and K.P.2. provided at trial. *Id.*

Petitioner contends that his trial attorney anticipated preparing him for trial, but was never able to properly prepare him for his testimony. *Id.* In support of his claim, Petitioner's trial attorney submitted an affidavit stating in pertinent part that,

> 7. I had not had the opportunity to brief Mr. Reed on the specifics of direct- and cross- examination, to practice questioning him, or to prepare him for the rigors of cross- examination.
>
> 8. I anticipated preparing Mr. Reed for his testimony after court adjourned on the evening of September 10, 2009.
>
> 9. However, as a result of the [trial] court's ruling, I was unable to prepare Mr. Reed for his testimony and he commenced his testimony on the evening of September 10,

4

>        2009 without the benefit or assistance of
>        counsel.

(Rec. Doc. No. 1-2, pp.40-41). Petitioner alleges that due to this lack of preparation he appeared tired, forgetful, and deceitful to jurors, which contributed to his conviction. (Rec. Doc. No. 16).

During trial, prosecutors called K.P.2. to the stand. At the beginning of her testimony, she was asked to demonstrate her understanding of the distinction between truth and lies. The prosecutors further asked her the customary questions about her understanding of the oath she swore before testifying and if she understood her obligation to tell the truth. During that questioning, K.P.2. was asked about her belief in God.

Also at trial, the judge instructed the jury on six lesser responsive offenses: attempted aggravated rape, forcible rape, attempted forcible rape, sexual battery, simple rape, and attempted simple rape. (Rec. Doc. No. 17). Petitioner disputes the omission of four lesser responsive verdicts: molestation of a juvenile, attempted molestation of a juvenile, indecent behavior with a juvenile, and attempted indecent behavior with a juvenile. (Rec. Doc. No. 17).

Law and Analysis:

I. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which controls this Court's review of a 28 U.S.C. § 2254 petition, the threshold questions are whether the petition is timely and whether the petitioner has exhausted state court remedies. *Hughes v. Johnson*, 191 F.3d 607, 612 (5th Cir. 1999). Further, it must be determined whether "procedural default" applies to the claim. *Nobles v. Johnson*, 127 F.3d 409, 419-420 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). As conceded by the State, Reed's motion was timely filed, he has exhausted all available state court remedies, and is not in procedural default. (Rec. Doc. No. 17).

On the merits, the AEDPA standard of review is governed by 28 U.S.C. § 2254(d) and the Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 362 (2000). Different standards exist for questions of fact, questions of law, and mixed questions of law and fact.

A state court's determination of a mixed question of law and fact is reviewed under §2254(d)(1) and receives deference, unless the state court's decision is "contrary to or involves an unreasonable application of clearly established federal law" as determined by the Supreme Court. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

A state court's decision is "contrary to" federal law if: (1) the state court arrives at a conclusion opposite to that

6

reached by the Supreme Court on a question of law or (2) the state court decides a case differently than the Supreme Court has on a materially indistinguishable set of facts. *Williams*, 529 U.S. at 405-06, 412-13. A state court's decision involves an "unreasonable application of federal law" if it either: (1) correctly identifies the governing rule but then applies it unreasonably to the facts or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Williams*, 529 U.S. at 406-08. When analyzing an unreasonable application of law to fact in this context, the Court need not determine whether the state court's reasoning was sound, rather "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002). It is the petitioner's burden to show that the state court applied the law to the facts of his case in an "objectively unreasonable manner." *Price v. Vincent*, 538 U.S. 634, 641 (2003) (*citing Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002)).

II. <u>Review of Magistrate's Report and Recommendation</u>

The Magistrate's Report and Recommendation recommends that this Court deny Reed's application and dismiss it with prejudice. (Rec. Doc. No. 17). A district court reviewing a magistrate judge's report and recommendation may accept all

7

sections of the report not objected to by either party, as long as those sections are not clearly erroneous. Fed. R. Civ. P. 72(b); *Gilkers v. Cain*, 2006 WL 1985969 (E.D. La. May 30, 2006). Here, Reed objects to the Magistrate's Report and Recommendation concerning his claims of ineffective assistance of both trial and appellate counsel. (Rec. Doc. No. 18). Because objections were filed to that portion of the Magistrate's Report and Recommendation, the Court undertakes an independent review of the facts and considers the matter de novo. Fed. R. Civ. P. 72(b).

A. Ineffective Assistance of Counsel

On post-conviction review, the state trial court found petitioner's ineffective assistance of counsel claims meritless under the *Strickland v. Washington* standards and related state law. Rec. Doc. No. 17 (citing 466 U.S. 668, 697 (1984)). The Louisiana First Circuit Court of Appeal agreed with that decision, also citing *Strickland*, and the Louisiana Supreme Court denied relief without further comment. (Rec. Doc. No. 9).

The issue of ineffective assistance of counsel is a mixed question of law and fact. *Clark v. Thaler,* 673 F.3d 410, 416 (5th Cir. 2012); *Woodfox v. Cain*, 609 F.3d 774, 789 (5th Cir. 2010). Accordingly, the question for this Court is whether the state courts' denial of relief was contrary to, or an unreasonable application of, federal law. The Supreme Court has

established a two-prong test for evaluating claims of ineffective assistance of counsel. *Strickland,* 466 U.S. at 697. These require the petitioner to prove: (1) deficient performance and (2) prejudice therefrom. *Id.* The petitioner has the burden of proving this deficiency by a preponderance of the evidence. *Montoya v. Johnson*, 226 F.3d 399, 408 (5th Cir. 2000). For ineffective assistance of counsel claims, this Court need not address both prongs of the *Strickland* standard, but may decide based solely on a claim's failure to meet either prong of the test. *Kimbler*, 167 F.3d 889, 893 (5th Cir. 1999).

To prevail on the deficiency prong, petitioner must demonstrate that counsel's conduct failed to meet the constitutional minimum guaranteed by the Sixth Amendment. *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998).

The standard for meeting the prejudice prong varies slightly depending on whether a petitioner is challenging the actions of trial or appellate counsel. In order to prove prejudice in the trial counsel context, petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. Furthermore, the petitioner must affirmatively prove, and not just allege, prejudice. *Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009). Thus, conclusory allegations of ineffective assistance of

9

counsel, with no showing of effect on the proceedings, do not raise a constitutional issue sufficient to support federal habeas relief. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). Scrutiny of counsel's performance under the AEDPA is "doubly deferential." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011). This court must apply the "strong presumption" that trial counsel's tactics fall "within the wide range of reasonable professional assistance." *Strickland*, 446 U.S. at 690; *Moore v. Johnson*, 194 F.3d 586, 591 (5th Cir. 1999).

By contrast, in the appellate context, in order to show prejudice, a petitioner must demonstrate a reasonable probability that he would have prevailed on appeal but for his counsel's deficient representation. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001). *See also Smith v. Robbins*, 528 U.S. 529, 286 (2000). Thus petitioner bears the burden of establishing a reasonable probability that the appellate court would have vacated or reversed the trial court judgment based on the alleged error. *Briseno*, 274 F.3d at 210.

All of Petitioner's claims were rejected by the state district court, Louisiana First Circuit Court of Appeal, and the Louisiana Supreme Court.[7] Each claim is discussed in turn:

**1. Trial counsel was ineffective for stipulating to the factual consistency of disputed, material evidence**

---

[7] State v. Reed, No. 2012-KP-1944 (9/11/2009) 110 So.3d 132; State Rec., Vol. V of VI.

The U.S. Supreme Court in *Strickland*, explained:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. 668, 689 (1984) (internal citation omitted). Petitioner claims that trial counsel failing to have the victims' CAC interviews played for the jury during trial and stipulating that the victims' interview testimony was consistent with their trial testimony rose to the level of ineffective assistance of counsel. (Rec. Doc. No. 16). The state district court and the Magistrate's Report and Recommendation found that this decision fell within the ambit of trial strategy. (Rec. Doc. No. 17). It is likely, based on the reading of the record at hand that the trial strategy was to prevent those CAC interviews from being

shown because of their potential harm to petitioner's defense at trial. (Rec. Doc. No. 17). This Court is unable to find that this strategic decision by trial counsel was unreasonable.

The Magistrate's Report and Recommendation engaged in a review of the six discrepancies identified by Petitioner, and as is stated in the Magistrate's Report and Recommendation, only the testimony of the victim's friend Stephi King, who reported that she believed a sexual encounter between the Petitioner and the victims occurred, and K.P.2.'s alleged accusation against another abuser, were positive for the defense. (Rec. Doc. No. 17). All other claims are inconsequential or were omitted because she was not questioned about them at trial.

These two discrepancies do not allow this Court to find that the strategic choices made by trial counsel were "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786-87(2011). Therefore, this Court must reject this claim based on the AEDPA's stringent deferential standards.

**2. Trial counsel was ineffective for failing to prepare petitioner to testify**

The United States Fifth Circuit Court of Appeals stated in *Crane v. Johnson* that a petitioner must prove "a reasonable probability" that the trial would have resulted in a different

12

outcome if he had been prepared. 178 F.3d 309, 312 (5th Cir. 1999). Petitioner claims his trial counsel failed to prepare him for testimony at trial. This assertion is consistent with the trial counsel's deposition testimony regarding the affidavit that is discussed above, but generally states that the trial counsel waited until September 10, 2009, during the trial, to prepare the Petitioner for his testimony, and due to a judicial ruling, was not able to prepare the Petitioner for his testimony. This alone is an insufficient basis for overturning the state court's decision. Petitioner must prove that prejudice actually resulted from his lack of preparation. *Strickland*. 466 U.S. at 697. Petitioner never addresses how the outcome would have differed had he been prepared differently to testify at trial, and nothing in the record suggests otherwise, particularly in view of other evidence of guilt beyond a reasonable doubt. We will not, nor can we, reweigh that evidence to substitute our judgment over that of the trial jury. Accordingly, this Court will defer to the state court's decision and reject this claim.

**3. Trial counsel was ineffective for failing to object to improper and truncated jury instructions which omitted lesser-included offenses**

Petitioner's third claim is that his trial counsel was ineffective for failing to object to improper and truncated jury instructions which omitted lesser-included offenses.

13

> A decision to forgo a charge on lesser included offenses is strategic in nature. Strategic choices made after reasonable investigation will seldom if ever be found wanting, because we are reluctant to second-guess matters of trial strategy simply because the chosen strategy has failed.

*Lake v. Portuondo*, 14 Fed.App'x 126, 128 (2d Cir. 2001)(internal citations and quotation marks omitted). Also, "counsel's failure to push for inclusion of a special charge on a lesser offense may result from an equally valid strategic choice to avoid a possible compromise verdict, opting instead to try to obtain a hung jury or an outright acquittal." *Parker v. Cain*, 445 F.Supp. 2d 685, 709 (E.D. La. Aug. 9, 2006). At trial, there was no physical evidence presented. Accordingly, acquittal was possible. As such, it is reasonable to conclude that the decision to exclude the lesser offenses was within the ambit of strategic choice by counsel. Accordingly, this Court will defer to the state court's decision on this issue and reject Petitioner's claim.

4. **Trial counsel was ineffective for failing to object to hearsay testimony of Dr. Adriana Jamis who testified concerning a report and notes generated by another physician**

Petitioner's fourth claim is that his trial counsel was ineffective for failing to object to the hearsay testimony of Dr. Adriana Jamis who testified concerning a report and notes generated by another physician, Dr. Monica Weiner, who was

14

unavailable for cross-examination. Failure to object on its own will not rise to the level of constitutionally deficient performance. *Rios-Delgado v. United States*, 117 F. Supp. 2d 581, 589 (W.D. Tex. Oct. 11, 2000); *accord Burnett v. Collins*, 982 F.2d 922, 930 (5th Cir. 1993); *Forman v. Cain*, Civ. Action No. 07-4200, 2008 WL 1746710, at *7 (E.D. La. Apr. 14, 2008). Further, as stated above, *Strickland* calls for deference to the state court's determinations and there is a strong presumption to find for reasonable assistance. Strickland, 466 U.S. at 697.

The record reflects that Dr. Weiner was not available to testify at trial. Without the presentation of expert medical testimony, it is unlikely that the jury would have been informed of the lack of physical evidence in the case against the Petitioner. As a result, the fact that Dr. Jamis testified in place of Dr. Weiner was actually favorable to Petitioner's defense. Further, without Dr. Jamis' testimony, it is unlikely the jury would have learned of K.P.1.'s statements to Dr. Weiner that she had been sexually abused by individuals other than Petitioner—information that was clearly favorable to the defense. Thus, this claim fails because of the trial counsel's failure to object to Dr. Jamis' testimony may reasonably be characterized as having resulted favorably for Petitioner. At the very least, Petitioner has failed to establish prejudice resulting therefrom.

15

5. **Trial counsel was ineffective for failing to object to the use of religion to bolster the accusers' credibility and the prosecutor's improper argument of "facts not in evidence"**

The Magistrate's Report and Recommendation states that the purpose of the questioning pertaining to religion was to ascertain whether the minor understood the difference between truth and lies. (Rec. Doc. No. 17). Review of the record reveals that this line of questioning was pursued to ensure that K.P.2. understood the importance of the oath administered to her and her obligation to testify truthfully, as opposed to a discussion of religion specifically. There is no reason to suggest that this questioning was improper or any way prejudicial to Petitioner. The failure to raise a meritless objection is not ground for a proper claim of ineffective assistance of counsel. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). Accordingly, this Court rejects Petitioner's claim.

6. **Appellate counsel was ineffective for failing to adequately review, raise, and argue the errors of the trial court and to exhaust direct review before the Louisiana Supreme Court.**

Appellate counsel "is not obligated to urge on appeal every nonfrivolous issue that might be raised (not even those requested by defendant)." *West v. Johnson*, 92 F.3d 1385, 1396 (5th Cir. 1996). It is a generally accepted practice for counsel not to assert every conceivable claim on appeal, but to focus instead on the strongest challenges to the lower court's ruling.

16

*Jones v. Barnes*, 463 U.S. 745, 746 (1983). The restraint on bringing frivolous claims is for the benefit of the client because "a brief that raises every colorable issue runs the risk of burying good arguments... in a verbal mound made up of strong and weak contentions." *Id.* at 753. The test for determining if appellate counsel failed to raise relevant issues is whether the issues were "clearly stronger" than what was asserted on appeal. *See e.g. Diaz v. Quarterman*, 228 Fed. App'x 417, 427 (5th Cir. 2007).

Petitioner argues that appellate counsel should have asserted the following claims: (1) the trial court erred in omitting responsive verdicts, (2) the prosecutor impermissibly attempted to bolster K.P.2.'s credibility by asking about her belief in God, and (3) trial counsel was ineffective for failing to object to those errors. (Rec. Doc. No. 17). Claims (1) and (2) were precluded because they were not objected to at trial and thus were not preserved for appeal and could not be raised by appellate counsel. La. Code Crim. Proc. art 841. In regard to Claim (3), even if appellate counsel had raised the issue that trial counsel should have objected to the first two issues, it is not "clearly stronger" that either of those objections would have outweighed the other issues raised on appeal. *See e.g. Diaz* 228 Fed. App'x 417 at 427. It is not clear that the responsive

17

verdicts would have changed the outcome for petitioner. It is on these grounds that this claim fails.

Accordingly, and for the reasons pronounced above, **IT IS ORDERED** that the Magistrate's Report and Recommendation is **ADOPTED** and that Francis Eugene Reed's petition for writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 3rd day of March 2015.

_____
UNITED STATES DISTRICT JUDGE